UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PEOPLE OF THE STATE
OF MICHIGAN,

    Plaintiff,

v.                                                          Case No.  2:12-CV-87

JOHN R. KANERVA,                           HON. GORDON J. QUIST

    Defendant.
                                       /

## **OPINION**

On February 17, 2012, Defendant, John R. Kanerva, filed a notice of removal purporting to remove to this Court the case captioned *People of the State of Michigan v. Kanerva*, No. 2012-0028, pending in the State of Michigan 95A Judicial District Court.  The case appears to arise out of Kanerva's commission of a civil traffic violation for operating a vehicle without a license plate and failing to carry proof of insurance.  The basis for removal is not clear.  It appears to the Court, however, that Kanerva believes he may remove this civil enforcement action on the basis of defenses and/or counterclaims he seeks to assert in the civil infraction proceeding.

On February 21, 2012, Magistrate Judge Timothy Greeley entered an order granting Kanerva leave to proceed *in forma pauperis*.  Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss any action brought under federal law if the complaint or counter-claim is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that "§ 1915(e)(2) applies only to in forma pauperis proceedings").

Under the abstention doctrine enunciated in *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971), a federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *Id.* at 44-45, 91 S. Ct. at 750-51. "*Younger* abstention applies when the state proceeding (1) is currently pending, (2) involves an important state interest, and (3) affords the [litigant] an adequate opportunity to raise constitutional claims." *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998).

The circumstances in the instant case satisfy the requirements for *Younger* abstention. First, Kanerva's purported counterclaims arise out of the civil traffic violation the police issued to Kanerva for driving without a license plate and failing to carry proof of insurance. A proceeding for enforcement of the traffic citation is currently pending in state court. Second, the civil proceeding concerning the traffic violation implicates an important state interest–operation of motor vehicles on Michigan roads and highways. Finally, there is no indication that the state proceeding does not afford Kanerva an opportunity to raise his claims. The Court thus concludes that *Younger* requires it to abstain from hearing Kanerva's counterclaims in order to avoid interfering with the pending state court proceeding.

Apart from *Younger* abstention, the Court concludes that Kanerva improperly removed the state case in the first instance. Ordinarily, a defendant may remove a state court case to federal court only if the federal court would have had jurisdiction in the first place. 28 U.S.C. § 1441(a). Whether removal is proper is determined by application of the well-pleaded complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987). A federal defense provides no basis for removal, even if the parties concede that it raises the only real issue in the case. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463

U.S. 1, 10, 103 S. Ct. 2841, 2846 (1983); *see also City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007) (noting that a federal defense provides no basis for removal).  This rule extends to counterclaims based on federal questions as well.  *See Rich v. Sevier*, No. 3:11-0362, 2011 WL 1833185, at *2 (M.D. Tenn. May 12, 2011) ("Defendants cannot remove this action based upon an argument that they have (or could have) raised federal questions in their Answer and/or Counterclaim."); *N. State Bank of Va. v. Friend*, No. 11-00003 (SRN/LIB), 2011 WL 1193386, at *3 (D. Minn. Mar. 29, 2011) ("While Friend apparently wishes to bring bank fraud, RICO and § 1983 counterclaims against NSB that purportedly raise a federal question, a defendant cannot remove to federal court based on a counterclaim.").

      Accordingly, the Court will remand this case to state court.

      An Order consistent with this Opinion will enter.


Dated:  March 6, 2012                                                                /s/ Gordon J. Quist
                                                                       GORDON J. QUIST
                                                 UNITED STATES DISTRICT JUDGE